## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHRIS MATSON,              )
)
       Plaintiff,         )
)     CIVIL ACTION NO.:
    vs.            )     1:20-cv-04880-LMM-RDC
)
CITY OF FOREST PARK, GA,   )
)
       Defendant.   )

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

**COMES NOW** Defendant City of Forest Park, Georgia (the "City") and, pursuant to Rules 8(c) and 12(a) of the Federal Rules of Civil Procedure, hereby submits its Answer and Affirmative Defenses, responding as follows to the allegations of Plaintiff's Complaint.

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim against the City upon which relief may be granted.

### SECOND DEFENSE

At all times, the City's actions with regard to Plaintiff and his employment have been in conformance with all applicable constitutional standards, laws, rules,

and regulations.

## THIRD DEFENSE

Any action taken by the City adversely affecting Plaintiff or his employment was for legitimate, non-discriminatory reasons and, as such, did not violate any constitutional or statutory rights possessed by Plaintiff.  Additionally, and/or alternatively, even if Plaintiff could demonstrate that discrimination played a motivating part in any such adverse action – which he cannot – the same action would have been taken for legitimate, non-discriminatory reasons.

## FOURTH DEFENSE

The City has not intentionally or willfully violated Plaintiff's rights in any manner or acted maliciously or with reckless indifference with regard to Plaintiff. At no time has the City acted with any intent to injure or otherwise cause harm to Plaintiff.  The City has, at all times, acted in accord and in good faith compliance with applicable law.

## FIFTH DEFENSE

Plaintiff cannot demonstrate the existence of an unlawful policy, custom, or practice necessary to support his claim(s) brought pursuant to 42 U.S.C. § 1983 ("Section 1983") against the City. Moreover, the City is not a proper "person" subject to suit under Section 1983.

**SIXTH DEFENSE**

Plaintiff's claims may be barred in whole or in part by accord and satisfaction, failure of consideration, fraud, illegality, consent, waiver, release, laches, failure of condition precedent, recoupment, justification, unclean hands, after-acquired evidence, estoppel, and/or additional defenses that may be identified during the proceedings.

**SEVENTH DEFENSE**

To the extent any employee, manager, supervisor, or official of the City engaged in any unlawful conduct as alleged in the Complaint, such actions were outside the scope and course of their employment and were not in furtherance of the City's business.

**EIGHTH DEFENSE**

Plaintiff's claims under 42 U.S.C. § 1981 ("Section 1981") are barred to the extent they are duplicative and redundant of his claims under Title VII and the Fourteenth Amendment to the U.S. Constitution.

**NINTH DEFENSE**

Plaintiff is not entitled to any of the equitable, declaratory, or legal relief requested against the City.  Additionally, and/or alternatively, to the extent he is entitled to damages or other relief, the same is limited by applicable law.

**TENTH DEFENSE**

Any damages that Plaintiff suffered resulted from the acts or omissions of others for whom the City is not liable and/or were the direct and proximate result of his own actions or inactions.

**ELEVENTH DEFENSE**

Plaintiff's claims against the City under Section 1981, Section 1983, and the Fourteenth Amendment to the U.S. Constitution are barred on the grounds that Plaintiff cannot show that any damages he allegedly suffered were caused by actions taken under color of state law.

**TWELFTH DEFENSE**

Plaintiff's claims are barred to the extent that he failed to exhaust his administrative remedies or otherwise satisfy all conditions precedent or statutory prerequisites to bringing and maintaining his claims against the City. In particular, Plaintiff's claims are barred to the extent any action upon which they are based occurred more than 180 days prior to the filing of his administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and/or were not the subject of or were otherwise outside the scope of said charge.

**THIRTEENTH DEFENSE**

To the extent Plaintiff seeks punitive damages, such relief is not available

against the City as a matter of law.

## FOURTEENTH DEFENSE

Plaintiff's claims and remedies are or may be barred, in whole or in part, by the applicable statute of limitations.

## FIFTEENTH DEFENSE

The City affirmatively denies that the retirement plans, which are the subject of Plaintiff's contractual claims, constitute binding contracts between the City and Plaintiff.

## SIXTEENTH DEFENSE

To the extent that that the retirement plans, which are the subject of Plaintiff's contractual claims, constitute binding contracts, the City was not a party to said contracts with Plaintiff.

## SEVENTEENTH DEFENSE

The City did not breach any duty owed to Plaintiff in this action.

## EIGHTEENTH DEFENSE

The City did not act in a fiduciary capacity with regard to the claims set forth in the Complaint.

## NINETEENTH DEFENSE

The City owed no fiduciary duty to Plaintiff.

## TWENTIETH DEFENSE

Plaintiff's claims are barred to the extent any damages were proximately caused by his own actions or omissions, or by the actions or omissions of others for whom the City is not liable, or by other independent and/or intervening causes that the City did not control or have the right to control.

## TWENTY-FIRST DEFENSE

Plaintiff's contractual claims for relief are barred by the express and unambiguous terms and conditions of the alleged contract(s) between the parties and/or barred against the City to the extent that the City was not in privity with Plaintiff.

## TWENTY-SECOND DEFENSE

Plaintiff's claim for damages, the entitlement to which is expressly denied, is barred to the extent that he has failed to mitigate his damages as required by law.

## TWENTY-THIRD DEFENSE

The City has not acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble and expense, therefore, Plaintiff is not entitled to recovery of its expenses of litigation under O.C.G.A. § 13-6-11.

## TWENTY-FOURTH DEFENSE

The existence of a bona fide controversy precludes any award of attorneys' fees and other expenses of litigation under O.C.G.A. § 13-6-11.

## TWENTY-FIFTH DEFENSE

Plaintiff's Complaint may be subject to dismissal due to failure of process, improper service of process, and/or insufficiency of process.

## TWENTY-SIXTH DEFENSE

The City hereby reserves the right to seek leave to amend this Answer or add additional defenses, or to withdraw defenses, after reasonable opportunity for appropriate discovery.

## RESPONSE TO NUMBERED ALLEGATIONS

The City responds to the numbered allegations of the Complaint as follows:

## Introduction

1.

Answering the allegations contained in Paragraph 1 of the Complaint, the City admits that Plaintiff purports to bring federal law claims of race discrimination pursuant to Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), as well as the Equal Protection Clause to the U.S. Constitution and Section 1981 through Section 1983. Answering further, the City admits that

Plaintiff purports to bring state law claims of breach of contract, breach of fiduciary duties arising *ex contractu*, and expenses of litigation under O.C.G.A. § 13-6-11. Answering further, the City specifically denies that Plaintiff's claims have any merit. Except as specifically stated herein, the City denies the allegations contained in Paragraph 1 of the Complaint.

## **Jurisdiction and Venue**

### 2.

Answering the allegations contained in Paragraph 2 of the Complaint, the City admits that this U.S. District Court has subject matter jurisdiction over Plaintiff's claims. Answering further, the City specifically denies that Plaintiff's claims have any merit. Except as specifically stated herein, the City denies the allegations contained in Paragraph 2 of the Complaint.

### 3.

Answering the allegations contained in Paragraph 3 of the Complaint, the City admits that venue is proper in this U.S. District Court. Answering further, the City specifically denies that Plaintiff's claims have any merit. Except as specifically stated herein, the City denies the allegations contained in Paragraph 3 of the Complaint.

4.

Answering the allegations contained in Paragraph 4 of the Complaint, the City admits that Plaintiff purports to bring claims pursuant to Title VII, the Equal Protection Clause of the U.S. Constitution, Section 1981, and Section 1983. Answering further, the City specifically denies that Plaintiff's claims have any merit. Except as specifically stated herein, the City denies the allegations contained in Paragraph 4 of the Complaint.

5.

Answering the allegations contained in Paragraph 5 of the Complaint, the City admits that jurisdiction and venue are proper in this U.S. District Court.  Except as specifically admitted herein, the City denies the allegations contained in Paragraph 5 of the Complaint.

## **The Parties**

6.

The City admits the allegations contained in Paragraph 6 of the Complaint.

7.

The City admits the allegations contained in Paragraph 7 of the Complaint.

8.

Answering the allegations contained in Paragraph 8 of the Complaint, the City admits, upon information and belief, that Plaintiff is a natural person and a resident of the state of Georgia at all times relevant to this action.

## TITLE VII Administrative Prerequisites

9.

The City denies the allegations contained in Paragraph 9 of the Complaint as written. Answering further, Plaintiff filed his Charge of Discrimination with the EEOC on May 11, 2020, and as such, his Charge is untimely. To the extent that an answer is required to footnote 1 of Paragraph 9, the City denies that the legal arguments made by Plaintiff therein have any merit and denies that Plaintiff is entitled to any relief whatsoever from the City.

10.

Answering the allegations contained in Paragraph 10 of the Complaint, the City is without knowledge or information sufficient to form a belief as to the accuracy of allegations contained in Paragraph 10 of the Complaint and therefore denies the same.

**Factual Background**

11.

The City admits the allegations contained in Paragraph 11 of the Complaint.

12.

The City denies the allegations contained in Paragraph 12 of the Complaint. To the extent that an answer is required to footnote 2 of Paragraph 12, the City admits that Dwayne Hobbs has initiated an action in the U.S. District Court of the Northern District of Georgia, Atlanta Division, L. Dwayne Hobbs v. City of Forest Park, Georgia, Civil Action No. 1:20-cv-04009-AT-RDC (N.D. Ga. Sept. 29, 2020). Except as specifically admitted herein, the City denies the remaining allegations contained in footnote 2 of Paragraph 12 and further denies that the action initiated by Dwayne Hobbs has any merit.

13.

Answering the allegations contained in Paragraph 13 of the Complaint, the City admits that Nathaniel Clark was hired as Chief of Police in May 2019 and that Nathaniel Clark is African American. Except as specifically stated herein, the City denies the allegations contained in Paragraph 13 of the Complaint.

14.

The City denies the allegations contained in Paragraph 14 of the Complaint.

15.

The City denies the allegations contained in Paragraph 15 of the Complaint.

16.

The City denies the allegations contained in Paragraph 16 of the Complaint as written.

17.

The City denies the allegations contained in Paragraph 17 of the Complaint.

18.

The City denies the allegations contained in Paragraph 18 of the Complaint as written.

19.

Answering the allegations contained in Paragraph 19 of the Complaint, the City is without knowledge or information sufficient to form a belief as to the accuracy of allegations contained in Paragraph 19 of the Complaint and therefore denies the same.

20.

The City admits the allegations contained in Paragraph 20 of the Complaint.

21.

The City denies the allegations contained in Paragraph 21 of the Complaint as

written. Answering further, third-party auditors concluded that Plaintiff committed violations of City and departmental policy.

22.

Answering the allegations contained in Paragraph 22 of the Complaint, the City denies that Plaintiff never committed any violations of financial or police protocol. Answering further, the City is without knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations contained in Paragraph 22 of the Complaint and therefore denies the same.

23.

Answering the allegations contained in Paragraph 23 of the Complaint, the City denies that Plaintiff's policy violations were contrived, pretextual, and/or used to terminate him because of his race. Answering further, the City is without knowledge or information sufficient to form a belief as to what Plaintiff believes or avers as alleged in Paragraph 23 of the Complaint and therefore denies the same. Answering further, the City affirmatively denies that Plaintiff's belief and/or affirmation is a true or accurate statement.

24.

The City denies the allegations contained in Paragraph 24 of the Complaint.

25.

The City denies the allegations contained in Paragraph 25 of the Complaint.

26.

Answering the allegations contained in Paragraph 26 of the Complaint, the City admits that former Captain Daniel Podsiadly purportedly prepared a resignation letter on or about April 6, 2020 that provided, in part, that "[s]ince Chief Clark's appointment as Chief, I (and many others) noted that our recruitment efforts solely focused on black officers."  Answering further, the City specifically denies that this statement is true and denies that the City engaged in unlawful employment practices and/or discrimination. Except as specifically stated herein, the City denies the allegations contained in Paragraph 26 of the Complaint.

27.

Answering the allegations contained in Paragraph 27 of the Complaint, the City admits that Plaintiff was informed of his termination with the City on November 8, 2019. Except as specifically admitted herein, the City denies the allegations contained in Paragraph 27 of the Complaint.

28.

The City denies the allegations contained in Paragraph 28 of the Complaint as written.

29.

Answering the allegations contained in Paragraph 29 of the Complaint, the City admits that Plaintiff appealed his termination on or about November 15, 2019. Except as specifically admitted herein, the City denies the allegations contained in Paragraph 29 of the Complaint.

30.

Answering the allegations contained in Paragraph 30 of the Complaint, the City is without knowledge or information sufficient to form a belief as to the accuracy of allegations contained in Paragraph 30 of the Complaint and therefore denies the same.

31.

Answering the allegations contained in Paragraph 31 of the Complaint, the City admits that Plaintiff called Ken Thompson around the date alleged. Except as specifically stated herein, the City denies the allegations contained in Paragraph 31 of the Complaint.

32.

Answering the allegations contained in Paragraph 32 of the Complaint, the City admits that Plaintiff withdrew his termination appeal around the date alleged.

33.

Answering the allegations contained in Paragraph 33 of the Complaint, the City is without knowledge or information sufficient to form a belief as to the accuracy of allegations contained in Paragraph 33 of the Complaint and therefore denies the same.

34.

Answering the allegations contained in Paragraph 34 of the Complaint, the City denies that it "improperly withheld the essential information necessary for Empower Retirement to honor Plaintiff's January 6 Request and liquidate his DC Plan and Savings Plan accounts." Answering further, the City is without knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations contained in Paragraph 34 of the Complaint and therefore denies the same.

35.

The City denies the allegations contained in Paragraph 35 of the Complaint as written.

**COUNT 1**
**Discrimination Because of Race in Violation of Title VII**

36.

The City incorporates by reference its responses to the allegations in Paragraphs

1 through 35 of the Complaint and the Defenses stated above.

37.

Answering the allegations contained in Paragraph 37 of the Complaint, the City admits, upon information and belief, that Plaintiff is Caucasian.

38.

Paragraph 38 of Plaintiff's Complaint is a legal conclusion regarding Plaintiff's job qualifications and, as such, requires no response from the City. To the extent that a response is required, the City denies that Plaintiff's rights have been violated in any way or that Plaintiff is entitled to any relief whatsoever from the City.

39.

The City denies the allegations contained in Paragraph 39 of the Complaint.

40.

The City denies the allegations contained in Paragraph 40 of the Complaint.

41.

Answering the allegations contained in Paragraph 41 of the Complaint, the City is without knowledge or information sufficient to form a belief as to what Plaintiff believes or avers as alleged in Paragraph 41 of the Complaint and therefore denies the same. Answering further, the City affirmatively denies that Plaintiff's belief and/or affirmation is a true or accurate statement.

42.

The City denies the allegations contained in Paragraph 42 of the Complaint.

**COUNT II**
**Denial of Equal Protection of the Laws in Violation of the Fourteenth**
**Amendment to the United States Constitution by Defendant and**
**Discrimination Because of Race in Violation of 42 U.S.C. § 1981**
**Through 42 U.S.C. §1983**

43.

The City incorporates by reference its responses to the allegations in Paragraphs 1 through 42 of the Complaint and the Defenses stated above.

44.

Answering the allegations contained in Paragraph 44 of the Complaint, the City admits, upon information and belief, that Plaintiff is Caucasian. Except as specifically stated herein, the City denies the allegations contained in Paragraph 44 of the Complaint.

45.

The City denies the allegations contained in Paragraph 45 of the Complaint.

46.

The City denies the allegations contained in Paragraph 46 of the Complaint.

47.

The City denies the allegations contained in Paragraph 47 of the Complaint.

48.

The City denies the allegations contained in Paragraph 48 of the Complaint.

49.

The City denies the allegations contained in Paragraph 49 of the Complaint.

50.

The City denies the allegations contained in Paragraph 50 of the Complaint.

51.

The City denies the allegations contained in Paragraph 51 of the Complaint.

52.

The City denies the allegations contained in Paragraph 52 of the Complaint.

53.

The City denies the allegations contained in Paragraph 53 of the Complaint.

## COUNT III
## Breach of Contract

54.

The City incorporates by reference its responses to the allegations in Paragraphs 1 through 53 of the Complaint and the Defenses stated above.

55.

Answering the allegations contained in Paragraph 55 of the Complaint, the City admits that Plaintiff was employed as a police officer by the City for

approximately twenty-eight years and that he was a participant in the City's Deferred Compensation Plan and Retirement Savings Plan. Except as specifically admitted herein, the City denies the allegations contained in Paragraph 55 of the Complaint.

56.

Paragraph 56 of Plaintiff's Complaint is a legal conclusion regarding state contract law and, as such, requires no response from the City. To the extent that a response is required, the City denies that Plaintiff's rights have been violated in any way or that Plaintiff is entitled to any relief whatsoever from the City.

57.

Answering the allegations contained in Paragraph 57 of the Complaint, the City admits that Plaintiff was employed by the City and participated in the City's Deferred Compensation Plan and Retirement Savings Plan.  Answering further, the City admits that during the pendency of Plaintiff's appeal of his termination, Plaintiff sought to exercise his right to withdraw his funds.  Except as specifically admitted herein, the City denies the allegations contained in Paragraph 57 of the Complaint.

58.

The City denies the allegations contained in Paragraph 58 of the Complaint.

59.

The City denies the allegations contained in Paragraph 59 of the Complaint.

## COUNT VI
## Breach of Fiduciary Duties Arising *Ex Contractu*

### 60.

The City incorporates by reference its responses to the allegations in Paragraphs 1 through 59 of the Complaint and the Defenses stated above.

### 61.

The City denies the allegations contained in Paragraph 61 of the Complaint.

### 62.

The City denies the allegations contained in Paragraph 62 of the Complaint.

### 63.

The City denies the allegations contained in Paragraph 63 of the Complaint.

## COUNT V
## Expenses of Litigation Under O.C.G.A. § 13-6-11

### 64.

The City incorporates by reference its responses to the allegations in Paragraphs 1 through 63 of the Complaint and the Defenses stated above.

### 65.

The City denies the allegations contained in Paragraph 65 of the Complaint.

### 66.

The City denies the allegations contained in Paragraph 66 of the Complaint.

Answering the *WHEREFORE* paragraph in the Prayer for Relief section appearing immediately following Paragraph 66 of Plaintiff's Complaint, the City denies the allegations contained therein, including subparagraphs (a) through (j) thereof.  The City further denies that Plaintiff is entitled to any of the relief requested or any relief whatsoever.

Except as specifically admitted hereinabove in response to the numbered and unnumbered paragraphs of the Complaint, the City denies any and all other claims or allegations which are raised or may have been raised by or in the Complaint.

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, the City respectfully requests that the Court enter an order dismissing the Complaint in its entirety, with prejudice; award the City its costs and expenses incurred in the defense of this action, including reasonable attorneys' fees; and award the City any other such relief as this Court deems just and proper.

Respectfully submitted, this 4th day of December 2020.

/s/ Sharon P. Morgan
Sharon P. Morgan
Georgia Bar No. 522955
Laura A. Denton
Georgia Bar No. 158667
K. Tate Gray
Georgia Bar No. 919123

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, GA 30303
(404) 659-6700
(404) 222-9718 (Facsimile)
morgan@elarbeethompson.com
denton@elarbeethompson.com
gray@elarbeethompson.com

*Attorneys for the City of Forest Park*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHRIS MATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | 1:20-cv-04880-LMM-RDC |
| | ) | |
| CITY OF FOREST PARK, GA, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 4, 2020, I filed a true and correct copy of

the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

**TO PLAINTIFF'S COMPLAINT** via the Court's electronic filing system, which

will automatically send notification of such filing to all counsel of record.

Steven N. Newton
Steven N. Newton, LLC
401 Westpark Ct., Suite 200
Peachtree City, GA 30269

Nancy B. Pridgen
Pridgen Bassett Law, LLC
One Glenlake Pkwy., Suite 650
Atlanta, GA 30328

*/s/ Sharon P. Morgan*
Sharon P. Morgan
Georgia Bar No. 919123

ELARBEE, THOMPSON, SAPP
& WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia   30303
T: (404) 659-6700
F: (404) 222-9718
morgan@elarbeethompson.com

*Attorney for the City of Forest Park*

2