IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRIS MATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | 1:20-cv-04880-LMM-RDC |
| ) | |
| CITY OF FOREST PARK, GA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S INITIAL DISCLOSURES**

Plaintiff Chris Matson hereby submits his Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.1(A):

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendants did or failed to do, and a succinct statement of the legal issues in the case:**

Response:

Plaintiff has filed this employment action against his former employer, the City of Forest Park, because he was discriminated against because of his race in violation of Title VII of the Civil Rights Act of 1964, the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1981 pursuant to Section 1983. The City further unlawfully and

improperly failed to produce electronically stored information in accordance with the Georgia Open Records Act, O.C.G.A. § 50-18-70 *et seq.* Furthermore, this action is also brought by Plaintiff against Defendant for breach of contract and breach of fiduciary duties arising *ex contractu*, and for attorneys' fees for forcing Plaintiff to litigate to seek recovery of the substantial losses incurred by Plaintiff as a result in the City's nearly three-month delay in releasing funds to Plaintiff pursuant to the City of Forest Park Deferred Compensation Plan and the City of Forest Park Retirement Savings Plan.

Plaintiff's employment was terminated from the City of Forest Park Police Department on November 8, 2019. Plaintiff is an eligible participant in the City of Forest Park Deferred Compensation Plan (the "DC Plan") and the City of Forest Park Retirement Savings Plan (the "Savings Plan") (collectively the "Plans"). Plaintiff immediately appealed his termination through the appropriate City of Forest Park procedures (the "Termination Appeal"). During the pendency of the Termination Appeal, on January 6, 2020, Plaintiff directed the DC Plan and the Savings Plan through their third-party administrator, Empower Retirement, to liquidate his accounts and pay to him directly the account balances (the "January 6 Request"). On January 8, 2020, Plaintiff called Ken Thompson ("Thompson"), Forest Park Finance Director, to let him know of the request to liquidate made to

Empower Retirement as Plaintiff anticipated Empower Retirement would need the City to confirm Plaintiff's termination date and vesting percentage.  During this call, Thompson advised Plaintiff that City Attorney Michael Williams had ordered Thompson not to provide Empower Retirement with the information necessary to liquidate Plaintiff's DC Plan and Savings Plan and to withhold this information from Empower Retirement during the pendency of Plaintiff's Termination Appeal.  Plaintiff withdrew his Termination Appeal on April 3, 2020.  Plaintiff received his DC Plan and Savings Plan account balances on April 9, 2020 (the "April 9 Payout Date").   From the January 6 Request through the April 9 Payout Date, the City improperly withheld the essential information necessary for Empower Retirement to honor Plaintiff's January 6 Request and liquidate his DC Plan and Savings Plan accounts.  During this timeframe—from January 6, 2020 to April 9, 2020—Plaintiff's accounts lost more than $93,000.00.

    Legal issues:

1. Whether Plaintiff suffered race discrimination in violation of Title VII against the City and, if so, to what relief is Plaintiff entitled?

2. Whether Plaintiff suffered race discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S.

   Constitution pursuant to Section 1983 against the City and, if so, to what relief is Plaintiff entitled?

3. Whether Plaintiff suffered race discrimination in violation of Section 1981 pursuant to Section 1983 against the City and, if so, to what relief is Plaintiff entitled?

4. Whether Defendant violated the Georgia Open Records Act?

5. Whether Defendant breached the DC Plan and Savings Plan terms;

6. Whether Defendant breached its fiduciary duty to Plaintiff by preventing him from receiving his DC Plan and Savings Plan account balances for the period from January 6, 2020 to April 9, 2020.

7. Whether and in what amount Plaintiff is entitled to reasonable attorneys' fees under O.C.G.A. § 13-6-11.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

Response:

O.C.G.A. § 13-6-11. Reasonable attorneys' fees together with any and all other costs associated with this action.

O.C.G.A. §§ 45-19-36 *et. seq.*; 29 C.F.R. § 1601.13(a)(4). https://www.eeoc.gov/field-office/atlanta/timeliness ("A State of Georgia

government employee... has 300 days from the date of alleged harm to file a charge with the EEOC for discrimination based on race...").

O.C.G.A. § 50-18-70 *et seq.* Georgia Open Records Act.

O.C.G.A. § 50-18-73 *et seq.* Jurisdiction to enforce article; attorney's fees and litigation expenses; good faith reliance as defense to action.

42 U.S.C. § 1981, and Title VII of the Civil Rights of 1964, as amended.

42 U.S.C. § 1983. Equal Protection Clause of the United States Constitution.

42 U.S.C. § 1981 as effectuated by 42 U.S.C. §1983.

42 U.S.C. § 1988, Title VII

42 U.S.C. § 2000e *et seq.* Defendant's unlawful employment practices on the basis of race.

*Collins v. Dep't of Transp.,* 208 Ga. App. 53 (1993).

*L. Dwayne Hobbs v. City of Forest Park, Georgia,* CAFN: 1:20-cv-04009-AT-RDC (N.D. Ga., Sept. 29, 2020).

*Yellow Freight System v. Donnelly,* 494 U.S. 820 (1990)

*UWork.com, Inc. v. Paragon Techs., Inc.*, 740 S.E.2d 887 (Ga. Ct. App. 2013) breach of contract requirements

*Wright v. Apt. Inv. Mgmt. Co.*, 726 S.E.2d 779 (Ga. Ct. App. 2012) breach of fiduciary duty requirements

**(3)** **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

Response: See Attachment A.

**(4)** **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

Response: Currently, Plaintiff does not anticipate introducing expert evidence in this matter, but reserves the right to supplement this disclosure in accordance with the Federal Rules of Civil Procedure.

**(5)** **Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

Response: See Attachment C.

**(6)    In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Response:

<u>Damages for violations of Title VII:</u> Plaintiff is entitled to an award of back pay and benefits, front pay, compensatory damages, attorneys' fees, and all other appropriate relief, damages, and remedies available under Title VII.

<u>Damages for violations of Section 1981(b)(3):</u> Plaintiff is entitled to compensatory damages for future pecuniary losses, emotion pain, suffering, inconvenience, mental anguish, lost of enjoyment of life, and other nonpecuniary damages.

<u>Damages for violations of Section 1983:</u> Plaintiff is entitled to compensatory damages for compensation damages, lost wages, and general damages: past and future pain, suffering, and humiliation.

<u>Damages for violations of the Georgia Open Records Act, O.C.G.A. § 50-18-73(b):</u> Plaintiff is entitled to reasonable attorneys' fees and other litigation costs reasonably incurred.

<u>Damages for breach of contract</u>:  Defendant is liable to Plaintiff for damages in the amount of at least $93,000.00 or the actual value of the difference between the value of Plaintiff's accounts as of January 6, 2020 and that which was paid out on April 9, 2020, plus interest thereon and/or lost opportunity costs.

<u>Damages for breach of fiduciary duty</u>:  Compensatory damages in an amount to be determined by the court, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages caused by Defendants' breach of fiduciary duties.

<u>Attorneys' fees</u>:  Because attorneys' fees continue to accrue in this matter, it is not possible to provide a calculation of these damages at this time.  Plaintiff will timely supplement these disclosures at the appropriate time.

**(7)** **Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Response:  Not applicable.

**(8)    Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.**

Response: Not applicable.

Respectfully submitted, this 20th day of January 2021.

                                          STEVEN N. NEWTON, LLC

                                          */s/Steven N. Newton*
                                          Steven N. Newton
                                          Georgia Bar No. 211382

401 Westpark Court, Suite 200
Peachtree City, Georgia 30269
678-837-6398
678-831-0707 (fax)
steven@mynewtonlaw.com
snnewtonlaw@gmail.com

*Counsel for Plaintiff*

                                          PRIDGEN BASSETT LAW, LLC

                                          *s/Nancy B. Pridgen*
                                          Nancy B. Pridgen, Esq.
                                          Georgia Bar No. 587949
                                          Leslie M. Bassett, Esq.
138 Bulloch Avenue                   Georgia Bar No. 477037
Roswell, Georgia 30075
470-333-7472
678-812-3654 (fax)
nancy@pridgenbassett.com
leslie@pridgenbassett.com

*Counsel for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that pursuant to Local Rule 7.1(D), the foregoing has been prepared in compliance with the United States District Court, Northern District of Georgia Local Rule 5.1(B) in 14-point Times New Roman font.

*/s/Steven N. Newton*
Steven N. Newton
Georgia Bar No. 211382

# ATTACHMENT A

| NAME | CONTACT INFO | SUBJECT MATTER |
|---|---|---|
| Chris Matson | c/o Steven N. Newton, Esq.<br>Steven N. Newton, LLC<br>401 Westpark Court<br>Suite 200<br>Peachtree City, GA 30269 | Knowledgeable about acts of employment discrimination |
| Ken Thompson<br>Forest Park Finance Director | c/o Sharon P. Morgan, Esq.<br>Ellarbee, Thompson, Sapp & Wilson, LLP<br>800 International Tower<br>229 Peachtree Street NE<br>Atlanta, GA 30303 | Knowledge of employment practices; failed to timely release retirement funds; retaliation |
| Michael Williams<br>City Attorney | c/o Sharon P. Morgan, Esq.<br>Ellarbee, Thompson, Sapp & Wilson, LLP<br>800 International Tower<br>229 Peachtree Street NE<br>Atlanta, GA 30303 | Knowledge of employment practices; failed to timely release retirement funds; retaliation |
| Michael Williams<br>City Attorney | c/o Sharon P. Morgan, Esq.<br>Ellarbee, Thompson, Sapp & Wilson, LLP<br>800 International Tower<br>229 Peachtree Street NE<br>Atlanta, GA 30303 | Knowledge of employment practices; failed to timely release retirement funds; retaliation |
| L. Dwayne Hobbs | c/o LoRusso Law Firm, P.C.<br>1827 Powers Ferry Road<br>S.E. Bldg. 8, Ste. 200<br>Atlanta, Georgia 30339 | Experienced racial discrimination as employee of Forest Park |

| NAME | CONTACT INFO | SUBJECT MATTER |
|---|---|---|
| Mayor Angelyne Butler | 745 Forest Parkway<br>Forest Park, GA 30297 | Knowledge of employment practices |
| Chris Waltrip | Unknown | Knowledge of employment practices |
| Jessica Gasaway | Unknown | Knowledge of employment practices |
| Alex Skwira | Unknown | Former employee; Knowledge of employment practices |
| Timothy Pigate | Unknown | Former employee; Knowledge of employment practices |
| Jamie Reynolds | Unknown | Former employee; Knowledge of employment practices |
| Chief Nathaniel Clark | 745 Forest Parkway<br>Forest Park, GA 30297 | Current employee of Forest Park; Directed unlawful employment practices; discriminated against Plaintiff; etc. |
| Former Deputy Chief Antonio Fletcher | Unknown<br>745 Forest Parkway<br>Forest Park, GA 30297 | Former employee |
| Diane Lewis Interim Personnel Director | 745 Forest Parkway<br>Forest Park, GA 30297 | Current employee; Communicated with Jamie Reynolds about appeal and grievances with Forest Park |
| Officer Allen | Unknown | Listed in documents produced by City. |

| NAME | CONTACT INFO | SUBJECT MATTER |
|---|---|---|
| Captain Skwira | Unknown | Knowledge of employment practices |
| Lt. Cochran | Unknown | Knowledge of employment practices |
| Sgt. Colvin | Unknown | Knowledge of employment practices |
| Captain Sara Koth | 320 Cash Memorial Blvd Forest Park, GA 30297 | Knowledge of employment practices. |
| Personnel Director Shalonda Brown | 745 Forest Parkway Forest Park, GA 30297 | Knowledge of employment practices |
| Lt. Gladden | Unknown | Knowledge of employment practices |
| Captain Podsiadly | Unknown | Knowledge of employment practices |
| Councilwoman Latresa Akins-Wells | 745 Forest Parkway Forest Park, GA 30297 | Knowledge of employment practices; |
| Councilwoman Kimberly James | 745 Forest Parkway Forest Park, GA 30297 | Knowledge of employment practices |
| Councilman Dabouze Antoine | 745 Forest Parkway Forest Park, GA 30297 | Knowledge of employment practices |
| Councilman Hector Gutierrez | 745 Forest Parkway Forest Park, GA 30297 | Knowledge of employment practices |
| Councilman Alan Mears | 745 Forest Parkway Forest Park, GA 30297 | Knowledge of employment practices Knowledge of employment practices |

# ATTACHMENT C

## DOCUMENT LIST AND DESCRIPTIONS

- Documents received in response to Open Records Requests from City of Forest Park.
- Personnel file of Mr. Matson.
- Personnel file of Chief Nathaniel Clark.
- Email correspondence between and among members of the Forest Park Police Department.
- Grievances filed by former employees against Chief Nathaniel Clark.
- Exit statements by former employees of the Forest Park Police Department
- Policies and procedures of the Forest Park Police Department.
- Documents filed with the E.E.O.C. by Mr. Matson
- Facebook posts by Councilwoman Latresa Akins-Welles.
- Video clips from City of Forest Park Council Meetings.
- Correspondence between Mr. Matson's counsel and City of Forest Park's counsel.
- Lawsuit filed by Chief Hobbs against City of Forest Park.
- Lawsuit filed by Councilwoman Latresa Akins-Welles against City of Forest Park and others.
- Lawsuit field by Councilman Dabouze Antoine against City of Forest Park and others.
- Documents reflecting account balances at relevant times for Mr. Matson's account balances in the City of Forest Park Deferred Compensation Plan and Retirement Savings Plan
- Documents reflecting communications between Mr. Matson and/or his representative and City of Forest Park regarding the matters that are the subject of the litigation

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHRIS MATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | 1:20-cv-04880-LMM-RDC |
| ) | |
| CITY OF FOREST PARK, GA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 20th 2021, I electronically filed the **PLALINTIFF'S INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

Sharon P. Morgan, Esq. (morgan@elarbeethompson.com)
Laura A. Denton, Esq. (denton@elarbeethompson.com)
K. Tate Gray, Esq. (gray@elarbeethompson.com)

STEVEN N. NEWTON, LLC

*s/Steven N. Newton*
Steven N. Newton
Georgia Bar No. 211382
*Counsel for Plaintiff*