**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CHRIS MATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | 1:20-cv-004880-LMM-RDC |
| ) | |
| CITY OF FOREST PARK, ) | |
| ) | |
| Defendant. ) | |

**CONSENT PROTECTIVE AND CONFIDENTIALITY ORDER**

Plaintiff Chris Matson ("Plaintiff") and Defendant City of Forest Park ("City") (collectively, the "Parties"), by and through their undersigned counsel, hereby agree that during the course of discovery, it may be necessary to disclose certain confidential information relating to the subject matter of this action, including, but not limited to, electronically stored information ("ESI").

The Parties agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals.

The Parties to this action hereby request the Court to enter a Protective and Confidentiality Order with respect to certain documents and information to be provided in discovery. In particular, the Parties anticipate that discovery may require

disclosure by the Parties or by non-parties of private, confidential, and sensitive information.

Plaintiff brings this employment action against the City, alleging that he has been discriminated against because of his race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution pursuant to 42 U.S.C. § 1983 ("Section 1983"), and 42 U.S.C. § 1981 ("Section 1981") pursuant to Section 1983.  Plaintiff further brings state law claims for violation of the Georgia Open Records Act, breach of contract, breach of fiduciary duties, and expenses of litigation under O.C.G.A. § 13-6-11, with regard to certain retirement funds.

The Parties anticipate that certain discovery materials in this litigation will contain sensitive and confidential personal, financial, and business information and records.  These documents are likely to include: details regarding Plaintiff's medical history; correspondence between the City and third parties, which may be subject to confidentiality; sensitive financial documents not shared with the general public; sensitive communications with other government agencies; and other documents related to criminal matters regarding citizens/residents of the City or State of Georgia.

Pursuant to this request and in accordance with the agreement of the Parties, it is hereby ORDERED that the following provisions shall govern the conduct of discovery in this action:

1. "Confidential Information" as used herein, means any information that is designated as "Confidential" by any party whether it be a document, information contained in a document, information revealed at a deposition, information revealed in an interrogatory answer, or otherwise. Documents and information to be marked as "Confidential" include, but shall not be limited to: (1) medical records and information relating to Plaintiff or other current or former employees of the City; (2) personal or private information contained within files or records maintained by the City pertaining to current and former employees; and (3) personal or private information contained within files or records maintained by the City pertaining to citizens and/or residents of the City or State of Georgia.

2. Given the sheer volume of ESI in this case, the Parties have agreed that all ESI produced to Plaintiff will be designated as "Confidential" as described herein. If Plaintiff believes that certain ESI should not be marked as "Confidential," Plaintiff will confer with the City as provided in Paragraph 8 below so a determination can be made as to whether to retract the "Confidential" designation and perform any necessary redactions as required under federal and/or state law.

3. Confidential Information produced shall be used solely for purposes of this litigation and any appeal proceedings, for no other purpose or litigation whatsoever, and shall not be disclosed to any non-party except in accordance with the terms of this Order or pursuant to a legally enforceable subpoena.

4. Confidential Information and information derived therefrom may only be disclosed or made available to the following persons who shall be designated as "Qualified Persons":

(a) Plaintiff or the City and their respective attorneys, and employees of such attorneys to whom it is necessary that such information be disclosed for purposes of this litigation;

(b) Actual or potential deponents or witnesses, but only to the extent there is a legitimate need for such disclosure;

(c) Independent investigators, experts and/or consultants, retained by the parties in preparation of this case, to whom it is necessary that the information be shown for the purposes of this litigation;

(d) The Court, its employees and agents, court reporters and their agents in depositions, hearings, or trial in this action to whom it is necessary that information be disclosed for purposes of this litigation;

(e) Mediators or similar outside persons and their staffs, enlisted by the Parties to assist in the resolution of this matter; and

(f) Any other person designated by this Court, after notice and hearing, or designated by written agreement of the Parties.

5. In the event that a party believes there is a legitimate need to disclose Confidential Information to persons other than "Qualified Persons," the Parties shall confer and attempt to resolve the issue in good faith. In the event the Parties cannot reach an agreement, any party may bring before the Court the question of whether good cause for allowing the requested disclosure exists.

6. Qualified Persons shall not disclose, discuss, or otherwise reveal, directly or indirectly, Confidential Information to persons other than Qualified Persons nor shall Qualified Persons make public disclosure of any Confidential Information.

7. The Parties may designate documents produced in this action as "Confidential Information" by marking each page of each document so designated as "Confidential." In lieu of marking the original of a document, if the original is not produced, the party may mark the copies that are produced or exchanged.

8. In the event that any party disagrees with the designation of any information as Confidential, the Parties shall confer and attempt to resolve the issue in good faith. The Parties, although they agree that all ESI shall be designated as

Confidential Information due to the volume of said ESI, acknowledge that some ESI could have been obtained through an Open Records Act request pursuant to O.C.G.A. §50-18-70 et seq., with applicable redactions. Given that, the Parties agree to work in good faith to resolve issues related to designations accordingly. Should the Parties be unable to resolve the issue, the party challenging the confidentiality may request a telephone conference, in accordance with the Court's Rules 16 and 26 Order, to bring before the Court the question of whether such designation should be permitted. The information will be treated as confidential until the Court rules on any dispute as to confidentiality.

9. Given that the Parties have agreed that all ESI will be designated as Confidential Information, the Parties have further agreed that no Confidential Information will be redacted. If a document contains information that a party contends should be withheld in good faith notwithstanding the protections of this Order, that party shall confer with opposing counsel in good faith about the basis for redacting, deleting, obscuring, or otherwise removing such information upon notice that opposing counsel objects to the redactions.

10. Deposition transcripts shall be considered Confidential Information for thirty (30) days after delivery of final transcripts to the Parties. Each party shall have until thirty (30) days after receipt of the deposition transcript in which to designate

portions of the transcript and exhibits thereto as Confidential. The parties agree that even though documents may be marked as Confidential for purposes of discovery, such designation does not prevent a party from submitting or filing any such materials with the Court as evidence in this matter.

11. Nothing shall prevent disclosures beyond the terms of this Protective Order if all Parties consent to such disclosure in writing, or if the Court, after notice to all Parties, orders such disclosure.

12. The inadvertent or unintentional production of any Confidential Information shall not be deemed as a waiver, in whole or in part, of the producing party's claim of confidentiality, either as to specific information disclosed or as to any other related information. Upon receipt of written notice from the producing party, the receiving party shall immediately give notice thereof to each person to whom the previously undesignated document, information, or thing was in the interim disclosed. The receiving party shall use its best efforts to retrieve all copies of the document, information, or thing distributed to persons other than Qualified Persons, and thereafter such document, information, or thing and all such persons shall be subject to the provisions of this Protective Order.

13. Any inadvertent disclosure or production of documents protected by the attorney-client privilege or work-product protection will not constitute a waiver of

either any available privilege or protection by the disclosing party. In the event the receiving party discovers that it has received either attorney-client privilege or work-product protected documents, it will bring that fact to the attention of the producing party immediately upon discovery. Upon the request of the producing party, the receiving party will promptly return to the producing party within five business days any attorney-client privilege or work-product-protected document and any copies that the receiving party may have made. Upon the request of the producing party, the receiving party will promptly disclose the names of any individuals who have read or have had access to the attorney-client privilege or work-product-protected document. No such inadvertently produced attorney-client privilege or work-product-protected document may be used in evidence.

14. Either party may, prior to filing, move for an Order permitting or requiring a specific document, pleading, or tangible item (that contains information that has been designated, in whole or in part, as Confidential Information) to be filed and maintained under seal. The Clerk of the Court is not authorized to accept for filing any document designated as sealed without an Order from the Court approving the specific documents to be filed under seal.

15. Within sixty (60) days of the conclusion of this litigation, including any appeals, the producing party may request that all Confidential Information furnished

pursuant to this Protective Order, and all copies thereof, be returned to the producing attorneys, except as counsel deems necessary to comply with counsel's professional responsibilities to maintain a client's file. Upon such request, the receiving party shall return all Confidential Information furnished and all copies thereof to the producing party's attorney, or at the producing party's option, destroy all such Confidential Information and copies thereof. If destroyed, counsel for the receiving party shall provide the producing party with written confirmation of destruction.

16. Nothing contained in this Order shall bar or otherwise restrict any attorney to whom it applies from communication with any individual not authorized to view such Confidential Information and, in the course thereof, referring to or relying upon his examination of Confidential Information, without relaying specific Confidential Information. Such communication shall be limited to the purpose of representing the interests of the attorney's client with respect to this litigation. This Order shall not be construed to prevent any person, including a Qualified Person, from making use of designated Confidential Information that (a) was lawfully in his possession prior to receipt from the supplying party, (b) appears in any published material available to the general public, without the fault of the receiving party, or (c) was or is hereafter obtained from a source or sources not under an obligation of secrecy to any party, without fault of the receiving party.

17.     This Order is entered without prejudice to the right of any party to seek modification of this Order.

18.     The terms and conditions of this Order shall survive and remain in full force and effect after termination of these actions.  The Court shall retain jurisdiction, both before and after the entry of a final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

IT IS SO ORDERED, this _____ day of _____, 2021.

_____
THE HONORABLE REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE